**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| BEST DEALS ON TV, INC., *et al.*, | No. C 07-1610 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 40] |
| MOHTASHIM NAVEED, *et al.*, | |
| Defendants. | |

Before the Court is defendants Mohtashim Naveed, Qamar Ali Khan, Asmatullah Khan, and Mian Naeem Uddin's motion to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6), and motion to disqualify opposing counsel [Docket No. 40]. The defendants contend that the two federal causes of action pleaded by the plaintiffs fail to state claims under the Racketeer Influenced and Corrupt Organizations Act, and that absent these federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. The defendants also seek to have the plaintiff's law firm disqualified from continuing its representation in this matter due to an alleged violation of California Rule of Professional Conduct 2-100.

After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion to dismiss is DENIED without prejudice, and the motion to disqualify counsel is DENIED.

## BACKGROUND

The plaintiffs are Best Deals on TV, Inc. (Best Deals), Regalcom, Inc., 3ZNet, Inc., Sondos Fund Management, LLC, and Muhammand A. Mughal. The defendants were at-will employees of Best Deals on TV.

On March 21, 2007, the plaintiffs filed a complaint against the defendants, first alleging various Racketeer Influenced and Corrupt Organizations Act (RICO) violations: money laundering in violation of 18 U.S.C. § 1956; mail fraud under 18 U.S.C. § 1341; wire fraud under 18 U.S.C. § 1343; bank fraud

in violation of 18 U.S.C. § 1344; and fraud in connection with an access device under 18 U.S.C. § 1029. The plaintiffs also allege conspiracy to violate RICO under section 1962(c) and (d). The plaintiffs have also brought a number of claims under California law: misappropriation of trade secret; breach of fiduciary duty; fraud; intentional interference with prospective business advantage; negligent interference with prospective business advantage; unfair business practices; trespass to land; and trespass to chattel. *See* Docket No. 1 (Compl.).

**LEGAL STANDARDS**

"The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (1994 ed. and Supp. IV), creates a civil cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis*, 529 U.S. 494, 495 (2000) (quoting section 1964(c)). Section 1962(c) "makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.'" *Id.* at 497. Subsection (d) of section 1962 provides that it shall be unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)" of section 1962. *Id.*

To state a RICO claim, a plaintiff must allege four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Tucker v. Cook*, 362 F.3d 1219, 1228 (9th Cir. 2004), *cert. denied*, 543 U.S. 987 (2004). The elements of a RICO claim must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). In order to do so, a plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**ANALYSIS**

**1.     The Motion to Dismiss**

The defendants argue that the plaintiffs have (1) failed to allege sufficient organizational structure to constitute an "enterprise"; and (2) failed to allege a "pattern of racketeering activity" to state a claim under RICO. And because the defendants maintain that the substantive RICO claim fails, they assert that it follows that a RICO conspiracy allegation cannot stand on its own. The defendants also contend that the plaintiffs have failed to sufficiently allege any predicate act under the heightened pleading requirements of Rule 9(b).

The plaintiffs insist that they have sufficiently alleged each claim challenged by the defendants. They also declare, however, that even if their pleadings are insufficient, "PLAINTIFFS could easily amend the Complaint in light of newly discovered information. In particular, PLAINTIFFS now have more details as to the structure and leadership of the enterprise, as well as further evidence of ongoing racketeering activity which threatens to continue indefinitely into the future." Docket No. 45, at 2. The plaintiffs reiterate this several times throughout their response to the motion to dismiss.

Given the plaintiffs' claim of newly discovered evidence and their assertion that they could easily amend their complaint to address each of the defendants' challenges to the sufficiency of their pleading, testing the legal sufficiency of the plaintiffs' RICO claims at this point may very well prove a largely fruitless exercise. A motion to dismiss is generally without prejudice, and if what the plaintiffs claim is accurate, they may simply amend their complaint if the Court were to find that they have not sufficiently plead their RICO causes of action. It would better serve judicial economy for the plaintiffs to amend their complaint first.

Therefore, the plaintiffs are ordered to amend their complaint to address the alleged deficiencies asserted by the defendants, and keeping in mind the heightened pleading standards required for stating claims under RICO. The defendants' motion to dismiss is denied without prejudice to its being reurged against the amended complaint. If, after the amended complaint is filed, the defendants still contend that the RICO causes of action fail to state a claim, they may challenge any alleged pleading deficiencies

at that time.

**2.      The Motion to Disqualify Counsel**

The defendants declare that the plaintiffs' present counsel and their law firm must be disqualified from representing the plaintiffs in this action because counsel allegedly violated California Rule of Professional Conduct 2-100(A). Rule 2-100(A) provides that "While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." According to the defendants, two of the plaintiffs' attorneys began interrogating defendant Naveed approximately ten minutes after serving the summons, complaint, and a copy of the petition for a temporary restraining order upon the defendants. At several times, "Defendant NAVEED stated that the attorneys should not be there, that the Defendants had not reviewed the papers served on them and that they wanted to speak to an attorney. Plaintiffs' counsel ignored these pleas, and proceeded to interrogate them." Docket No. 41, at 10.

Even as related by the defendants, they never stated to plaintiffs' counsel that they were represented by counsel, nor do they claim that the plaintiffs' counsel had any actual knowledge that they were represented. Indeed, it is not clear from the motion that they were in fact represented. Rule 2-100 prohibits *ex parte* contact with represented parties. *See United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000). The defendants do not indicate that they were represented at the time they were served. *See Jackson v. Ingersoll-Rand Co.*, 42 Cal. App. 4th 1163, 1167 n.2 (1996) ("No violation of Rule 2-100 occurs unless opposing counsel contacts a represented party whom counsel 'knows' to be represented"). The motion to disqualify is therefore denied.

**CONCLUSION**

Accordingly, defendants Mohtashim Naveed, Qamar Ali Khan, Asmatullah Khan, and Mian Naeem Uddin's motion to dismiss pursuant to Federal Rules 12(b)(1) and 12(b)(6), and motion to

4

1  disqualify opposing counsel [Docket No. 40], is DENIED.  The plaintiffs are ORDERED to file an
2  amended complaint within twenty days of the date of this order.
3       IT IS SO ORDERED.

4      June 8, 2007                          *Saundra B Armstrong*
5                                  Saundra Brown Armstrong
                                United States District Judge