BEST DEALS ON TV, INC., *et al.*,

          Plaintiffs,

  v.

MOHTASHIM NAVEED, *et al.*,

          Defendants.

No.  C 07-1610 SBA

**ORDER**

[Docket No. 112]

Counsel for defendants Mohtashim Naveed, Qamar Ali Khan, Asmatullah Khan, Mian Naeem Uddin, Siavash Tehrani, Shaker Nakhjavani Pour, Al Kanz General Trading LLC, and TSSC FZCO has filed a motion to withdraw as attorney of record for the defendants [Docket No. 112].  A hearing was held on this matter on January 17, 2008.  For the reasons stated on the record, the motion is GRANTED.

The defendants are advised to attempt to seek new counsel, but are cautioned that even if they do not, their obligations to comply with discovery requests, duly noticed depositions, deadlines, and Court orders remain.  Moreover, it appears that at least two or three of the defendants are business entities.  Title 28 U.S.C. § 1654 governs appearances in federal court.  This statute allows "parties to plead their cases personally," but it does not extend to non-individuals or an artificial entity.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Multi Denominational Ministry of Cannabis & Rastafari, Inc.*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007).  The defendants are further advised that a corporation may only appear in federal court through counsel.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *D-Beam Ltd v. Roller Derby Skates, Inc*., 366 F.3d 972, 973-74 (9th Cir. 2004).  This "applies equally to all artificial entities," including limited liability companies and unincorporated associations.  *Rowland*, 506 U.S. at 202; *see also D-Beam*, 366 F.3d at 973-74; *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam); *Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566-67

(M.D.N.C. 2004); *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). The defendant business entities are therefore cautioned that they must retain new counsel or they risk default judgment against them on the plaintiff's claims.

The defendants have 45 days to locate new counsel. If the individual defendants do not obtain new counsel, they are advised to become familiar with the Local Civil Rules of the Northern District of California and this Court's Standing Orders. A copy of the Civil Local Rules and this Court's Standing Order for Civil Cases is available on the World Wide Web at http://www.cand.uscourts.gov/.

As a condition of withdrawal, counsel shall forward papers filed in this matter for the next 45 days or until the defendants appear by other counsel or *pro se. See* N.D. CAL. CIV. LOC. R. 11-5(b). Defense counsel is also instructed to provide a copy of this order to his former clients.

All pre-trial and trial dates and setting are hereby VACATED. A new schedule will be instituted at the next case management conference.

A case management conference is set for March 12, 2008, at 2:30 P.M. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

January 17, 2008

_____
Saundra Brown Armstrong
United States District Judge

2